UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CORY T. EASTWOOD, ) <br> ) <br>       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LEHMAN BROTHERS BANK, FSB; et al., ) <br> ) <br>       Defendants. ) <br> ) | 3:09-cv-00656-LRH-PAL <br><br> <u>ORDER</u> |

Before the court is defendant Aurora Loan Services, LLC ("Aurora") and Lehman Brothers Bank, FSB's ("LBB") motion to dismiss filed on December 12, 2009. Doc. #20.[1] Plaintiff Cory T. Eastwood ("Eastwood") filed an opposition (Doc. #34) to which Aurora and LBB replied. (Doc. #35).

Also before the court is defendant Quality Loan Service Corporation's ("QLS") motion to dismiss filed on January 22, 2010. Doc. #32. Eastwood filed an opposition (Doc. #34) to which QLS replied (Doc. #36).

**I.   Facts and Procedural History**

In April 2007, Eastwood purchased real property through a mortgage and note executed by LBB. Eastwood eventually defaulted on his mortgage and defendants initiated foreclosure

---

[1] Refers to the court's docket entry number.

proceedings.

Subsequently, on October 15, 2009, Eastwood filed a complaint alleging fourteen separate causes of action against defendants: (1) unfair lending practices in violation of NRS 598D.100; (2) conspiracy; (3) permanent injunction; (4) declaratory relief; (5) wrongful foreclosure; (6) fraud through omission; (7) quiet title; (8) contractual breach of good faith and fair dealing; (9) tortious breach of good faith and fair dealing; (10) civil conspiracy; (11) racketeering; (12) unjust enrichment; (13) conspiracy to commit fraud; and (14) fraud in the inducement. Doc. #1, Exhibit B. Thereafter, defendants filed the present motions to dismiss all claims. Doc. ##20, 32.

Meanwhile, in late 2009, the United States Judicial Panel on Multi-District Litigation ("panel") consolidated a series of cases in which plaintiffs alleged that MERS engaged in improper business practices when processing home loans. The panel assigned Judge James A. Teilborg to oversee these cases and preside over all issues (discovery, dispositive motions, settlement) except for trials. *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, MDL No. 2119.

On February 18, 2010, the panel issued a transfer order and consolidated the present action with the MDL litigation. Doc. #37. However, as part of the transfer order, the panel transferred only those claims that "relate to the formation and/or operation of MERS" and held that all other claims "unrelated to the formation and/or operation of the MERS system are separately and simultaneously remanded" to the district court in which they were first brought. *Id*.

On June 4, 2010, Judge Teilborg issued an initial remand order. Doc. #46. Pursuant to that order Judge Teilborg remanded: (1) claim 10 for civil conspiracy as it relates to other remanded claims; (2) claim 11 for racketeering activity in violation of Nevada law as it relates to other remanded claims; (3) claim 12 for unjust enrichment; (4) claim 3 for injunctive relief as it relates to the remanded claims; and (5) claim 4 for declaratory relief as it relates to the remanded claims. *Id*. Thus, the only claims at issue before the court concerning defendants' motions to dismiss are these remanded claims.

**II.     Legal Standard**

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

**III.    Discussion**

**Civil Conspiracy**

To establish a claim for civil conspiracy, a plaintiff must establish: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the cause of action must be pled with particular specificity as to "the manner in which a defendant joined in the conspiracy and how he participated in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

Here, Eastwood fails to plead a claim for civil conspiracy with the required specificity.

3

1  Eastwood never identifies how each individual defendant participated or joined the conspiracy.
2  Further, Eastwood does not clearly identify the underlying tort that defendants committed.
3  Eastwood merely alleges that his loan was one of many executed in violation of the Nevada state
4  laws. Therefore, the court finds that Eastwood has failed to sufficiently plead a claim for civil
5  conspiracy with the requisite specificity.

6  **Racketeering**

7  In Nevada, civil racketeering claims brought under NRS 207.400, *et seq.*, must be plead
8  with specificity. *Hale v. Burkhardt*, 764 P.2d 866, 869 (Nev. 1988). That is, the complaint must
9  allege at least two predicate crimes related to racketeering in order to sufficiently plead a
10 racketeering claim upon which relief can be granted. *Id*.

11 Here, Eastwood merely alleges that his loan was one of many executed in violation of the
12 Nevada state laws. From the complaint, it is unclear what these violations were and, more
13 importantly, what the two requisite "crimes" were. Therefore, the court finds that Eastwood has
14 failed to sufficiently plead a claim for civil racketeering upon which relief can be granted.

15 **Unjust Enrichment**

16 To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly
17 retained money or property of another against fundamental principles of equity. *See Asphalt Prods.*
18 *Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust
19 enrichment cannot stand when there is an express written contract which guides that activities of
20 the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187
21 (Nev. 1997).

22 Here, there was a written contract between the parties, namely, the deed of trust and
23 mortgage note. These documents guided the interactions, obligations, and rights of the parties. As
24 such, Eastwood cannot make a claim in equity for actions that are guided by contract he is a party
25 to. *See LeasePartners Corp.*, 942 P.2d at 187-88.

26

**Declaratory Relief and Permanent Injunction**

Eastwood's remaining causes of action for declaratory relief and permanent injunction are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not separate causes of action. Here, Eastwood's remanded claims fail to establish a claim for relief. Accordingly, Eastwood is not entitled to his requested remedies.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #20) is GRANTED. Defendant Aurora Loan Services, LLC and defendant Lehman Brothers Bank, FSB, are DISMISSED as defendants as to the remanded claims: (1) claim 10 for civil conspiracy; (2) claim 11 for racketeering activity in violation of Nevada law; (3) claim 12 for unjust enrichment; (4) claim 3 for injunctive relief; and (5) claim 4 for declaratory relief.

IT IS FURTHER ORDERED that defendant's motion to dismiss (Doc. #32) is GRANTED. Defendant Quality Loan Service Corporation is DISMISSED as a defendants as to the remanded claims: (1) claim 10 for civil conspiracy; (2) claim 11 for racketeering activity in violation of Nevada law; (3) claim 12 for unjust enrichment; (4) claim 3 for injunctive relief; and (5) claim 4 for declaratory relief.

IT IS SO ORDERED.

DATED this 1st day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE